Denise Ellis
C/O:
Justice First Solutions LLP
Israel Ben Abraham
555 Dayman Street
Long Beach, California 90806
Phone Number (213) 769-3039
Email: justicefirstsolutions.org

Denise Ellis
Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENISE ELLIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PARAGON SYSTEMS INC., a Virginia corporation; "John Doe" Security Officer 1; "Jane Doe" Officer Rubio; "John and Jane Does" 3-10, their agents and successors.<br><br>Defendant. | Case No.: 2:25-CV-11555-CAS-AJR<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. 42 U.S.C. §1983 (Deprivation of Civil Rights)<br>2. 42 U.S.C. §2000a (Violation of Public Accommodations Act)<br>3. 42 U.S.C. 1981 (Racial Discrimination)<br>4. Intentional Infliction of Emotional Distress)<br>5. Negligent Hiring, Supervision, and Retention<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Denise Ellis, complains against Defendants and alleges as follows:

## I. INTRODUCTION

1. This action is brought by Plaintiff, Denise Elis, an Afro-American female and Los Angeles County employee, to seek redress for the egregious and racial discrimination, harassment, and civil rights violations she experienced on October 31, 2025, at the United States Post Office

- 1 -

located within the Federal Building at 300 North Los Angeles Street in Los Angeles, California.

2. Defendant Paragon Systems, Inc. ("Paragon") is a private security contractor employed by the U.S. government to provide security screening services at federal facilities. Its employees, acting under color of federal authority, subjected Ms. Ellis to differential treatment, hostile and belligerent behavior, threats, and racial slurs based on her race, which resulted in severe emotional distress and a disruption of her professional life.

## II. PARTIES AND JURISDICTION

3. Plaintiff Denise Ellis is an individual residing in Los Angeles, California.

4. Defendant Paragon Systems, Inc. is a Virginia corporation with its headquarters located at 13900 Lincoln Park Drive, Suite #300, Herndon, VA 20171. Paragon is a government contractor providing security services to federal agencies nationwide, including California.

5. Defendants "John Doe" Security Officer 1 and "Jane Doe" Officer Rubio (whose true names are currently unknown) were employees of Paragon acting in their official capacities during the incident described herein.

6. Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(civil rights), as this case involves claims arising under 42 U.S.C.§§ 198, 1983, and 2000a.

## III. VENUE

7. Venue is proper in the United State District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred at the Federal Building located at 300 North Ls Angeles Street, Los Angeles, California.

## IV. STATEMENT OF FACTS

8. On October 31, 2025, Plaintiff Denise Ellis and a witness (her consultant) arrived at the Federal Building post office to mail tax documents to the IRS.

9. Security screening was managed by Paragon employees, all of whom appeared to be of Mexican descent, and both Plaintiff and her witness are Afro-American.

10. The witness passed security without incident. Ms. Ellis's jewelry set off the metal detector.

11. Ms. Ellis was asked to sit down, remove her shoes for screening, and stand up to be wanded, all of which she complied with.

12. A security officer then initiated a patdown search.

13. The witness intervened and requested a female officer conduct the patdown search, as is standard procedure.

14. The initial security officer immediately became hostile and belligerent.

15. Other security officers grouped around the Plaintiff and the witness, creating a threatening and intimidating atmosphere.

16. Female officer Rubio arrived to conduct the search and also became hostile, threatening to handcuff Ms. Ellis.

17. The officers continued their belligerent conduct, and racial slurs were made by security personnel within earshot of Ms. Ellis and the witness.

18. The conduct was extreme and outrageous, causing Ms. Ellis to become severely shaken and traumatized to the point that she was unable to return to her unemployment as a Los Angeles County employee.

19. Paragon Systems, Inc. is responsible for the actions of its employees who were acting within the scope of their employment and under color of authority granted by a federal contract.

V. **CAUSES OF ACTION**

**COUNT I: Deprivation of Civil Rights (42 U.S.C. §1983)**

20. Plaintiff incorporates the preceding paragraphs by reference

21. Defendants, acting under color of state law (as agents of a government entity responsible for public safety and access to a public federal building), deprived Plaintiff of her rights secured by the U.S. Constitution, specifically the Equal Protection Clause of the Fourteenth Amendment.

22. Defendants' actions, including the use of hostile language, threats, and differential, racially motivated treatment during a routine security screening, were intentional and racially motivated.

**COUNT II: VIOLATION OF PUBLIC ACCOMMODATIONS (42 U.S.C. § 2000a)**

23. Plaintiff incorporates the preceding paragraphs by reference.
24. The U.S. Post Office in the Federal Building is a place of public accommodation.
25. Defendants denied Ms. Ellis full and equal enjoyment of the goods and services, facilities, privileges, advantages, and accommodations of this public place on the basis of her race.

**COUNT III: RACIAL DISCRIMINATION IN CONTRACT (42 U.S.C. § 1981)**

26. Plaintiff incorporates the preceding paragraphs by reference.
27. 42 U.S.C.§ 1981 prohibits racial discrimination in the making and enforcement of contracts.
28. The security screening process is an essential part of accessing a federal service/contract (mailing tax documents). Defendants' racially motivated actions interfered with Plaintiff's ability to access and utilize this public service an on equal basis with white citizens.

**COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

29. Plaintiff incorporates the preceding paragraphs by reference.
30. Defendants' conduct was extreme and outrageous, exceeding all bounds of common decency.
31. Defendants' acted with the intent of causing Ms. Ellis severe emotional distress or with reckless disregard for the probability of causing such distress.
32. Ms. Ellis suffered severe emotional distress as a direct result of Defendants' conduct, requiring medical attention and resulting in lost time at work.

**COUNT V: NEGLIGENT HIRING, SUPERVISION, RETENTION**

33. Plaintiff incorporates the preceding paragraphs by reference.
34. Defendant Paragon had a duty to properly hire, train, supervise, and retain employees who would not engage in racially discriminatory or abusive conduct.
35. Paragon breached this duty, and a direct and proximate result, Ms. Elliss suffered the injuries and damages described herein.

Complaint for Damages
Ellis v. Paragon Systems, Inc., et al.

## VI. PRAYER FOR RELIEF

Plaintiff demands judgment against Defendants as follows:

- For general ands special damages in the amount of $500,000.00.
- For punitive damages to punish Defendants and deter future misconduct.
- For injunctive relief as the Court deems proper;
- For reasonable for costs of this suit; and
- For any other relief the Court deems just and proper

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 2, 2025

DATED: December 2, 2025

DENISE ELLIS
Ll/m Plaintiff